UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>POWERTRADERSPRESS.COM, INC., ELITE STOCK RESEARCH, INC., ERIK MATZ, RONALD HARDY, ANTHONY VASSALLO, STEPHANIE LEE, JEFFREY CHARTIER, LAWRENCE D. ISEN, ROBERT GLECKMAN, MICHAEL WATTS, BRIAN HEEPKE, DENNIS J. VERDEROSA, EMIN COHEN, SERGIO RAMIREZ, ASHLEY ANTOS,<br><br>Defendants,<br>and<br><br>HERMANN MATZ, JOSEPH MATZ, BRITTNEY BALLESTAS, MELISSA KURTZKE, JANINE ACOSTA, TYPE A PARTNERS, INC., STRATEGIC CAPITAL MARKETS, INC., MARKETBYTE LLC, SNAP OR TAP PRODUCTIONS, LLC, DACONA FINANCIAL LLC, TRADEMASTERSPRO.COM, INC., MYSTREETRESEARCH.COM, INC., REVOLVING VENTURES LLC, TRADEMASTERS CONSULTING, INC., BIG LITTLE CONSULTING, INC., BCBALL, INC., GABRON TRANSPORT CORP., PTP CONSTRUCTION CORP., TERRYVILLE SYSTEMS, INC., MKKMMKKM, INC., TREK PARTNERS LLC, RKRG, INC., PRICE POINT CONSULTING, INC., DJV ENTERPRISES, INC., LEECORP, INC., SOCCERSERGE, INC., ANTOS, INC.,<br><br>Relief Defendants. | CASE No. 2:17-cv-04133-JS-SIL |

## FINAL JUDGMENT AS TO DEFENDANT SERGIO RAMIREZ

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint and Defendant Sergio Ramirez ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the

Exchange Act [15 U.S.C. § 78o(a)] by using any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase or sale of securities, while not registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)] or while not associated with a broker-dealer that was so registered.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $251,615.00 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $67,658.58 for a total of $319,273.58. Defendant's $319,273.58 payment obligation shall be deemed

satisfied by the Order of Restitution and/or Forfeiture entered against Defendant in *United States v. Jeffrey Chartier, et al.*, Crim. No. 17-00372 (E.D.N.Y) ("*United States v. Chartier*").

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that no civil penalty shall be imposed upon Defendant in this civil action, based upon Defendant's agreement to plead guilty and his criminal conviction in *United States v. Chartier*.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:     June 12, 2020

/s/ JOANNA SEYBERT
UNITED STATES DISTRICT COURT JUDGE